UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRECIA LORELLE SIBLEY,

                Plaintiff,                **REPORT AND**
                                            **RECOMMENDATION**
                                            CV 14-634 (JS)(ARL)

           -against-

CHOICE HOTELS INTERNATIONAL, INC.,

                Defendants.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

On referral from District Judge Seybert is the plaintiff's motion for a default judgment

against the defendants, Ratan Group Hotel Limited Liability Company d/b/a Rodeway Inn,

Rodeway Inn Long Island, Rodeway Inn Huntington Station, Huntington Station Country Inn,

Mahesh Ratanji a/k/a Maheshchand M. Ratanji and Khozem Kharawalla (collectively "the Ratan

defendants"), and the Ratan defendants' motion to vacate the clerk's entry of default.

For the reasons set forth below, the undersigned recommends that plaintiff's motion be denied

and the Ratan defendants' motion be granted.[1]

## BACKGROUND

On January 29, 2014, the plaintiff, Trecia Lorelle Sibley ("Sibley"), commenced this

personal injury action alleging that she suffered injuries when she was bitten by bed bugs at the

defendants' hotel. The Ratan defendants were each served with the summons and complaint on

February 4, 2014. Accordingly, their answers were due on February 25, but they failed to

---

[1]Also before the court is the plaintiff's motion seeking to strike the defendants' letter
dated March 20, 2014, which requested that the arguments set forth in their motion to vacate be
considered as their opposition to the plaintiffs' motion for a default judgment. For the same
reasons set forth in this report, the undersigned recommends that the motion to strike also be
denied.

answer. On February 26, Sibley requested a certificate of default. About a week later, Sibley filed a virtually identical request. On March 4, the clerk denied the requests, indicating that the summonses had not been returned executed. Twenty minutes later, Sibley refiled the requests along with the appropriate affidavits of service. The clerk's certificate of default was entered that same day, and on March 6, 2014, nine days after the defendants had defaulted, Sibley moved for a default judgment.

Upon receipt of the motion, the Ratan defendants moved to set aside the clerk's entry of default. The defendants contend that upon service of the complaint, they first sought to determine if they had insurance coverage with respect to the allegations in the complaint. On February 28, 2014, when they learned that they were not covered by insurance, they retained counsel; however, the time to answer had already expired. Their counsel immediately contacted plaintiff's counsel to request an extension of time to respond to the complaint both by email and telephone. Specifically, counsel emailed plaintiff's counsel twice and telephoned him once, leaving him a voice message. Plaintiff's counsel did not respond. Between March 4 and 12, defense counsel tried to contact plaintiff's counsel eight additional times and, once again, plaintiff's counsel failed to reply to any of the phone calls, phone messages or emails. Unable to discuss or resolve the dispute, the Ratan defendants moved to vacate the entry of default.

## DISCUSSION

The Ratan defendants argue that in the interest of justice and fair play, the clerk's certificate of default should be set aside. The court agrees. "The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual

circumstances of a given case and to evaluate the credibility and good faith of the parties."

*Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993). However, because an entry of

default is generally disfavored and is considered an "extreme sanction" that "must remain a

weapon of last, rather than first resort," *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir. 1981), any

doubt "as to whether a default should be granted or vacated" must be "resolved in favor of the

defaulting party." *Enron Oil Corp.,* 10 F.3d at 96; *see also Brady v. Western Overseas Corp.,*

No. 04-CV-2878(JS)(WDW), 2008 WL 4936875, at *4 (E.D.N.Y. Nov. 14, 2008) ("[a]ny doubts

as to whether a default should be vacated must be resolved in favor of trial on the merits").

Here, the defendants have shown good cause to set aside the default. The defendants

immediately tried to rectify the delay caused by their efforts to determine if they had insurance

coverage. Indeed, their newly retained counsel attempted to contact the plaintiff's counsel three

days after the time to respond to the complaint had expired. This conduct is far from the type of

willful conduct contemplated by courts in this Circuit. *See Weisel v. Pischel,* 197 F.R.D. 231,

238 (E.D.N.Y. 2000)(court must consider the willfulness of the default in exercising its

discretion to set it aside). In fact, the only questionable conduct in this case is plaintiff's counsel

refusal to respond to defense counsel's phone calls and emails. Moreover, the plaintiff will not

be prejudiced if the default is vacated, and certainly would not have suffered prejudice had

counsel simply granted the defendants the courtesy of a short extension. Accordingly, the court

recommends that the certificate of default filed against the Ratan defendants be set aside and the

motion for a default judgment be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being served by the Court on all parties.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      November 6, 2014

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge