UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRECIA LORELLE SIBLEY,

                        Plaintiff,

                                              MEMORANDUM & ORDER
            -against-                         14-CV-0634(JS)(ARL)

CHOICE HOTELS INTERNATIONAL, INC.;
RATAN GROUP HOTEL LIMITED LIABILITY
COMPANY d/b/a RODEWAY INN, RODEWAY
INN LONG ISLAND, RODEWAY INN
HUNTINGTON STATION, and/or
HUNTINGTON COUNTRY INN; XYZ
CORPORATIONS 1-50; MAHESH
RATANJI a/k/a MAHESH M. RATANJI
a/k/a MAHESHCHAND M. RATANJI;
KHOZEM KHARAWALLA; and/or JANE
AND JOHN DOES 1-10, individually
and as owner, officer, director,
shareholder, founder, manager,
agent, servant, employee,
representative, and/or independent
contractor of RATAN GROUP HOTEL
LIMITED LIABILITY COMPANY d/b/a
RODEWAY INN, RODEWAY INN LONG
ISLAND, RODEWAY INN HUNTINGTON
STATION, HUNTINGTON COUNTRY INN,
and/or XYZ CORPORATIONS 1-50,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Brian L. Ponder, Esq.
                        Brian Ponder LLP
                        200 Park Avenue, Suite 1700
                        New York, NY 07666

For Defendants
Choice Hotels:          Jennifer Anne Casey, Esq.
                        Ahmuty, Demers & McManus
                        200 IU Willets Road
                        Albertson, NY 11507

```
Ratan Group,
Ratanji &
Kharawalla:          Patrick W. McGovern, Esq.
                     Genova Burns & Giantomasi
                     494 Broad Street
                     Newark, NJ 07102
```

SEYBERT, District Judge:

Plaintiff Trecia Lorelle Sibley ("Plaintiff") brings this personal injury action against Defendants Choice Hotels International, Inc. ("Choice Hotels"), Ratan Group Hotel Limited Liability Company (the "Ratan Group"), Mahesh M. Ratanji ("Ratanji"), and Khozem Kharawalla ("Kharawalla," and together with the Ratan Group and Ratanji, the "Ratan Defendants"). Presently before the Court are: (1) Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R") recommending that the undersigned deny Plaintiff's pending motion for default judgment against the Ratan Defendants and grant the Ratan Defendants' pending motion to vacate their default (Docket Entry 42); and (2) Plaintiff's motion to strike Choice Hotel's affirmative defenses and various paragraphs of Choice Hotel's Amended Answer that assert lack of knowledge or information (Docket Entry 17). For the following reasons, the Court ADOPTS Judge Lindsay's R&R over Plaintiff's objections, and Plaintiff's motion to strike is GRANTED IN PART and DENIED IN PART.

Plaintiff commenced this diversity action on January 29, 2014, alleging that she sustained injuries when she was bitten by bed bugs at Defendants' hotel in Huntington Station, New York. (See generally Compl.) Plaintiff served the Ratan Defendants with Summonses and the Complaint on February 4, 2014, (see Docket Entries 10-3, 10-4, 10-5), but the Ratan Defendants failed to answer or otherwise respond to the Complaint within the time allotted. On March 4, 2014, Plaintiff requested that the Clerk of the Court certify the Ratan Defendants' default. (Docket Entry 10.) The Clerk entered the Ratan Defendants' default that same day. (Docket Entry 11.)

On March 6, 2014, Plaintiff filed a motion for default judgment against the Ratan Defendants. (Docket Entry 20.) The Ratan Defendants subsequently appeared in this action and, on March 14, 2014, filed a motion to vacate the Clerk's entry of default. (Docket Entry 24.) On March 19, 2014, the undersigned referred Plaintiff's motion for default judgment and the Ratan Defendants' motion to vacate to Judge Lindsay for a report and recommendation. (Docket Entry 32.) Judge Lindsay issued her R&R on November 6, 2014. (Docket Entry 42.) The R&R recommends that the undersigned grant the Ratan Defendants' motion to vacate and deny Plaintiff's motion for default judgment. On November 7, 2014, Plaintiff filed objections to Judge Lindsay's R&R. (Docket Entry 43.)

Unlike the Ratan Defendants, Choice Hotels filed a timely Answer to the Complaint on February 20, 2014 (Docket Entry 4), to which the Ratan Defendants filed a motion to strike (Docket 7). Choice Hotels subsequently filed an Amended Answer, which appears to be identical to the original Answer, except that the Amended Answer adds a sixth affirmative defense.[1] (Docket Entry 15.) On March 5, 2014, Plaintiff filed a new motion to strike Choice Hotel's affirmative defenses and various paragraphs of the Amended Answer. (Docket Entry 17.) Plaintiff's motion to strike, Judge Lindsay's R&R, and the motions for default judgment and to vacate the Clerk's entry of default are currently pending.[2]

## DISCUSSION

The Court will first address Judge Lindsay's R&R and the pending motions for default judgment and to vacate the Clerk's entry of default before turning to Plaintiff's motion to strike.

---

[1] Because Choice Hotels has filed an Amended Answer, Plaintiff's motion to strike the original Answer (Docket Entry 7) is DENIED AS MOOT.

[2] On March 20, 2014, the Ratan Defendants filed a letter addressed to Judge Lindsay requesting that the arguments contained in their motion to vacate be considered as their opposition to Plaintiff's motion for default judgment. (Docket Entry 34.) Plaintiff has moved to strike this letter as well (Docket Entry 35), arguing, inter alia, that the letter is an "improper opposition paper" (Pl.'s Br. in Supp of Mot. to Strike Letter, Docket Entry 37, at 6).

I.    Objections to Judge Lindsay's R&R

        The Court will first set forth the applicable legal
standard for evaluating a report and recommendation before turning
to Plaintiff's objections specifically.

    A.    Legal Standard

        "When evaluating the report and recommendation of a
magistrate judge, the district court may adopt those portions of
the report to which no objections have been made and which are not
facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291
(S.D.N.Y. 2002) (citation omitted).   A party may serve and file
specific, written objections to a magistrate's report and
recommendation within fourteen days of receiving the recommended
disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely
objections to the magistrate's recommendation, the district "court
may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge."   28 U.S.C.
§ 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).   A party that
objects to a report and recommendation must point out the specific
portions of the report and recommendation to which they object.
See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1
(S.D.N.Y. Mar. 4, 2002) (citations omitted).

        When a party raises an objection to a magistrate judge's
report, the Court must conduct a de novo review of any contested
sections of the report.   See Pizarro v. Bartlett, 776 F. Supp.

5

815, 817 (S.D.N.Y. 1991).  But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."  Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

B.    Plaintiff's Objections

Plaintiff objects to Judge Lindsay's finding that the Ratan Defendants have demonstrated good cause to vacate the entry of default against them.  (Pl.'s Objs., Docket Entry 43.)  The Court disagrees with Plaintiff.

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk shall enter the party's default."  FED. R. CIV. P. 55(a).  However, a defendant may move to set aside an entry of default pursuant to Rule 55(c) for "good cause."  FED. R. CIV. P. 55(c).  In determining whether good

cause exists for relieving a party from a finding of default, courts consider "[1] the willfulness of the default, [2] the existence of a meritorious defense, and [3] the level of prejudice that the non-defaulting party may suffer should relief be granted." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

### 1. Willfulness

Plaintiff's first objection to Judge Lindsay's R&R is that Judge Lindsay erred in finding that the Ratan Defendants' default was not willful. (Pl.'s Objs. at 3-5.) The Court disagrees. As an initial matter, the Court notes that Plaintiff's contentions regarding willfulness were already presented to Judge Lindsay in Plaintiff's opposition to the Ratan Defendants' motion to vacate the entry of default. (See Pl.'s Opp. Br., Docket Entry 26.) Accordingly, "[w]here, as here, objections to a Report and Recommendation merely rehash arguments presented to the Magistrate Judge, the standard of review undertaken by the District Court is not de novo but clear error." Blasters, Drillrunners & Miners Union Local 29 v. Trocom Constr. Corp., No. 10-CV-4777, 2012 WL 1067992, at *2 (E.D.N.Y. Mar. 29, 2012) (citations omitted).

Nonetheless, the Court has conducted a de novo review and finds that Plaintiff's objection is meritless.

A finding of willfulness is appropriate where "there is 'evidence of bad faith' or the default arose from 'egregious or deliberate conduct.'" Holland v. James, No. 05-CV-5346, 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 60-61 (2d Cir. 1996)). Courts should "resolve any doubt about [a defendant's] willfulness in his favor." Raheim v. N.Y. City Health and Hosps. Corp., No. 96-CV-1045, 2007 WL 2363010, at *3 (E.D.N.Y. Aug. 14, 2007) (citing Enron, 10 F.3d at 98). Additionally, "[w]hile courts are entitled to enforce compliance with the time limits of the [Federal Rules of Civil Procedure] by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981); see also Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 319 (2d Cir. 1986) ("[D]istrict courts regularly exercise their discretion to deny technically valid motions for default.").

In this case, the Court agrees with Judge Lindsay that the Ratan Defendants' default was not willful. Upon service of the Complaint, the Ratan Defendants first attempted to secure insurance coverage for Plaintiff's lawsuit, which they contend delayed their retention of counsel. (McGovern Affirm., Docket Entry 24-2, ¶ 6.) By the time they retained counsel on February

8

28, 2014, their time to respond to the Complaint had expired, but only by three days. That same day, the Ratan Defendants' counsel immediately contacted Plaintiff's counsel by e-mail and telephone to request an extension of time to respond to the Complaint. (McGovern Affirm. at ¶¶ 8-9.) Plaintiff's counsel did not respond and, between March 4 and 12, 2014, the Ratan Defendants' counsel attempted to contact Plaintiff's counsel eight additional times. (McGovern Affirm. at ¶¶ 9-17.) Plaintiff's counsel again did not respond, choosing instead to file the pending motion for default judgment. The Ratan Defendants' failure to respond to the Complaint in a timely fashion is certainly not desirable. However, given the circumstances described above and the extremely short duration of their delay, the Ratan Defendants' conduct does not rise to the level of willfulness required to impose a default judgment. See Int'l Reformed Univ. & Semniary v. Newsnjoy USA, No. 13-CV-3156, 2014 WL 923394, at *4 (E.D.N.Y. Mar. 10, 2014) (adopting report and recommendation finding that default was not willful where defendants retained counsel and filed a motion to vacate within three weeks of the entry of default); Wharton v. Nassau Cnty., No. 10-CV-0265, 2010 WL 4878998, at *2 (E.D.N.Y. Nov. 22, 2010) ("Even without considering whether service was proper or whether the parties' alleged stipulation was effective, the worst that can be said about Defendants' behavior is that they missed a deadline and then, without prompting by Plaintiff,

corrected their mistake by filing an Answer after a relatively short delay. Such conduct is arguably careless, but it does not rise to the level of willfulness required for a default judgment."). If anything, the failure to respond to the Ratan Defendants' repeated attempts to request an extension of time demonstrates an unacceptable lack of professionalism on the part of Plaintiff's counsel.

2.    Prejudice

The Court also rejects Plaintiff's objection that she would be prejudiced if the Court vacated the entry of default.[3] (Pl.'s Objs. at 5.) "Prejudice results when delay causes the loss of evidence, create[s] increased difficulties of discovery or provide[s] greater opportunity for fraud and collusion." Ward v. Ramkalawan, No. 11–CV–4295, 2013 WL 1149108, at *5 (E.D.N.Y. Feb. 11, 2013) (internal quotation marks and citation omitted), adopted by 2013 WL 1149068 (E.D.N.Y. Mar. 19, 2013). Accordingly, "delay alone is not a sufficient basis for establishing prejudice." Id. (internal quotation marks and citation omitted).

Here, this case is in its early stages and there is no indication that evidence has been lost or that vacating the default will result in difficulties of discovery. Plaintiff's counsel

---

[3] Again, Plaintiff's objection simply rehashes her arguments previously presented to Judge Lindsay. Nevertheless, the Court has conducted a de novo review.

10

merely speculates that "[s]uch delay increases the chance that evidence needed for discovery is lost or destroyed." (Pl.'s Objs. at 5.) Moreover, the Court agrees with Judge Lindsay that Plaintiff's counsel could have avoided any perceived prejudice had he simply granted the Ratan Defendants a short extension of time to respond to the Complaint.

### 3.  Meritorious Defense

Finally, although Judge Lindsay's R&R does not specifically address whether the Ratan Defendants have presented a meritorious defense, the Court finds that they have. Whether a defendant seeking to avoid a default judgment has presented a meritorious defense depends not on the likelihood of success; rather, the test is whether the defendant's position, "if proven at trial, would constitute a complete defense." Enron, 10 F.3d at 98. "A meritorious defense exists if based on the defendant's version of events, the factfinder has some determination to make." Am. Stevedoring, Inc. v. Banana Distribs., Inc., No. 98-CV-5782, 1999 WL 731425, at *3 (S.D.N.Y. Sept. 20, 1999) (internal quotation marks and citation omitted).

Here, the Ratan Defendants deny Plaintiff's allegations and claim that they were not negligent in providing accommodations to Plaintiff. (Ratan Defs.' Br., Docket Entry 24-1, at 7.) The Court finds that this is sufficient to present a meritorious defense at this early stage of the litigation. See Wharton, 2010

11

WL 4878998, at *2 ("Defendants, by filing an Answer that denies Plaintiff's allegations and raises fourteen affirmative defenses, have mounted a meritorious, although untested, defense[s]."). In any event, whether the Ratan Defendants' have presented a meritorious defense is only one factor to consider, and the other two factors favor vacating the Ratan Defendants' default.

### 4. Balance of the Factors

In sum, none of the Rule 55 factors weigh in favor of default judgment. Plaintiff's objections to the R&R are OVERRULED, and the Court ADOPTS Judge Lindsay's R&R it in its entirety. The Ratan Defendant's motion to vacate is GRANTED and Plaintiff's motion for default judgment is DENIED.[4]

## II. Plaintiff's Motion to Strike

Plaintiff's moves to strike Choice Hotels' affirmative defenses and various paragraphs of Choice Hotel's Amended Answer that plead insufficient knowledge or information. The Court will first address Choice Hotels' affirmative defenses.

### A. Affirmative Defenses

Plaintiff moves to strike all six of Choice Hotels' affirmative defenses. Plaintiff argues that the first five

---

[4] The Court also DENIES Plaintiff's motion to strike the Ratan Defendants' letter to Judge Lindsay requesting that the arguments contained in their motion to vacate should be considered as their opposition to Plaintiff's motion for default judgment. (Docket Entry 34.)

affirmative defenses should be stricken because they fail to meet the pleading standard enunciated in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and that the sixth affirmative defense should be stricken because it is legally insufficient. (<u>See</u> Pl.'s Br. in Supp. of Mot. to Strike, Docket Entry 17-1, at 9-14.) The Court disagrees with Plaintiff. As explained below, the <u>Twombly</u> pleading standard does not apply to affirmative defenses, Choice Hotels has adequately stated its affirmative defenses in a manner giving Plaintiff fair notice of the nature of the defenses, and Choice Hotel's sixth affirmative defense is not legally insufficient.

### 1. Legal Standard

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Although "Rule 12(f) motion[s are] left to the district court's discretion," <u>EEOC v. Bay Ridge Toyota, Inc.</u>, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004), they are generally "disfavored and granted only if there is a strong reason to do so," <u>Spiteri v. Russo</u>, No. 12-CV-2780, 2013 WL 4806960, at *64 n.62 (E.D.N.Y. Sept. 7, 2013) (internal quotation marks and citation omitted). To prevail on a motion to strike an affirmative defense, the plaintiff must show that "'(1) there is no question

of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense.'" Bernstein v. Mount Asarat Cemetery Inc., No. 11-CV-0068, 2012 WL 3887228, at *9 (E.D.N.Y. Sept. 7, 2012) (quoting Houston v. Manhein-New York, No. 09-CV-4544, 2010 WL 744119, at *3 (S.D.N.Y. Mar. 3, 2010)).

Despite these standards, which place the burden squarely on the party moving to strike, Plaintiff argues that Choice Hotels' affirmative defenses must meet the plausibility standard announced in Twombly and further explained Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court disagrees. As many courts in this Circuit have recently explained, the Twombly/Iqbal plausibility standard concerns a plaintiff's pleading obligations under Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In contrast, the pleading of affirmative defenses is governed by Rule 8(c), and that rule only requires a defendant to "affirmatively state" an affirmative defense. FED. R. CIV. P. 8(c). Additionally, "'Form 30 of the Federal Rules of Civil Procedure indicates that notice pleading suffices to plead an affirmative defense.'" Erickson Beamon Ltd. v. CMG Worldwide, Inc., No. 12-CV-5105, 2014 WL 3950897, at *3 (S.D.N.Y. Aug. 13, 2014) (quoting

14

Hon Hai Precision Indus. Co. v. Wi-LAN, Inc., No. 12-CV-7900, 2013 WL 2322675, at *9 (S.D.N.Y. May 28, 2013)). Thus "[t]here is no requirement under Rule 8(c) that a defendant plead any facts at all." Serby v. First Alert, Inc., 934 F. Supp. 2d 506, 516 (E.D.N.Y. 2013) (citation omitted).

The far majority of district courts in this Circuit have held that the Twombly/Iqbal pleading standard does not apply to affirmative defenses. See, e.g., Erickson Beamon, 2014 WL 3950897, at *3; Tardif v. City of N.Y., 302 F.R.D. 31, 32-34 (S.D.N.Y. 2014); Adames v. G.B. Rests. Inc., 12-CV-0569, 2014 WL 202380, at *2 (W.D.N.Y. Jan. 16, 2014); Vale v. City of New Haven Police Dep't, 11-CV-0632, 2013 WL 5532133, at *3 (D. Conn. Oct. 4, 2013); Hon Hai, 2013 WL 2322675, at *9; Serby, 934 F. Supp. 2d at 515-16 (E.D.N.Y. 2013); Scott v. WorldStarHipHop, Inc., No. 10-CV-9538, 2012 WL 5835232, at *3 (S.D.N.Y. Nov. 14, 2012); Petroci v. Transworld Sys., Inc., 12-CV-0729, 2012 WL 5464597, at *2-3 (W.D.N.Y. Oct. 19, 2012), adopted by 2012 WL 5464579 (W.D.N.Y. Nov. 8, 2012); Aros v. United Rentals, Inc., 10-CV-0073, 2011 WL 5238829, at *2-3 (D. Conn. Oct. 31, 2011); but see Scott, 2012 WL 5835232, at *2 (noting that some "district courts have disputed whether [the] 'plausibility standard' applies to affirmative defenses"). Aside from Form 30's guidance and the textual distinction between Rule 8(a)(2) and Rule 8(c), these courts have recognized several other pragmatic and policy considerations for

15

not extending the Twombly/Iqbal standard to affirmative defense. For example, "from an equitable perspective, it would be unfair to 'hold[ ] the defendant to the same pleading standard as the plaintiff, when the defendant has only a limited time to respond after service of the complaint while plaintiff has until the expiration of the statute of limitations.'" Erickson Beamon, 2014 WL 3950897, at *3 (alteration in original) (quoting Tardif, 2014 WL 2971004, at *3). Additionally, motions to strike do not usually expedite litigation since leave to amend is routinely granted. Id. And finally, "a plaintiff may largely ignore an answer without formal legal consequence," but a defendant must assert affirmative defenses in the answer or run the risk of waiving them. Serby, 934 F. Supp. 2d at 516 (citing Lane v. Page, 272 F.R.D. 581, 596 (D.N.M. 2011)).

Accordingly, a defendant must only "affirmatively state" an affirmative defense pursuant to Rule 8(c) and need not meet the Twombly/Iqbal plausibility standard. A motion to strike is generally "determinable only after discovery and a hearing on the merits," and "'[a] court may therefore strike only those defenses so legally insufficient that it is beyond cavil that defendants could not prevail upon them.'" Serby, 934 F. Supp. 2d at 516 (quoting Lane, 272 F.R.D. at 596).[5]

_____

[5] Given the wealth of recent caselaw holding that the Twombly/Iqbal plausibility standard does not apply to

16

2.  <u>Application</u>

Applying these standards here, the Court finds that Choice Hotels' first five affirmative defenses, which are essentially boilerplate,[6] do give Plaintiff fair notice of the nature of the defenses, and it does not appear that they are so legally insufficient that they should be stricken.  <u>See Raymond Weil, S.A. v. Theron</u>, 585 F. Supp. 2d 473, 489–90 (S.D.N.Y. 2008) ("There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time.").  Plaintiff's request to strike these defenses is therefore denied.

Choice Hotels' sixth affirmative defense is that it "was not the franchisor [of the hotel at issue] on the date of the subject loss."  (Am. Ans. at 16.)  Plaintiff challenges this defense, arguing that Choice Hotels' liability hinges on whether

---

affirmative defenses, the Court questions whether this is even a disputed issue in this Circuit any longer.

[6] The first five affirmative defenses state, respectively: (1) "the complaint fails to state a valid cause of action"; (2) "plaintiff assumed the risk related to activity causing the injuries sustained"; (3) "this answering defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein"; (4) "the personal injury and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through the culpable conduct of the plaintiff . . . ."; (5) "any past or future costs or expenses incurred or to be incurred by the plaintiff . . . has been or will . . . be replaced or indemnified . . . from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules."  (Am. Ans. at 14-15.)

it "controlled, owned, operated, managed, and/or maintained" the hotel at the time Plaintiff was allegedly injured, and that Choice Hotels may have exercised such control notwithstanding the fact that it was not the franchisor at the time of the incident. (Pl.'s Br. at 13-14.) Maybe this is true, but Plaintiff's argument is precisely the type of "premature evaluation of a defense's merits" that cannot occur until the "necessary factual background" is developed. Serby, 934 F. Supp. 2d at 516 (quoting Trs. of Local 464A United Food & Commercial Workers Union Pension Fund v. Wachovia Bank, N.A., No. 09-CV-0668, 2009 WL 4138516, at *1 (D.N.J. Nov. 24, 2009)). The Court therefore declines to strike Choice Hotels' sixth affirmative defense.

B.  Responses Pleading Lack of Knowledge or Information

Finally, Plaintiff contends that Choice Hotels improperly pleaded lack of knowledge or information in various paragraphs of the Amended Answer. Plaintiff seeks to strike paragraphs 3, 10-13, 22-24, 28, 34-36, 44, 51, 54, 57, 59-61, 79-82, and 89-94 of the Amended Answer and asks the Court to deem these paragraphs as admissions. (Pl.'s Br. in Supp. of Mot. to Strike at 6-8.) Like Plaintiff's preceding requests, this one is largely a waste of time as well. As explained fully below, the Court finds that only paragraphs 3 and 28 of the Complaint should be treated as admissions. Additionally, paragraph 10 will be stricken with leave to replead.

18

Federal Rule of Civil Procedure 8(b)(5) states that a party "that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." FED. R. CIV. P. 8(b)(5). However, a party may not deny having knowledge or information "if the necessary facts or data involved are within his knowledge or can easily be brought within his knowledge." Ins. Co. of N. Am. v. M.B. Assocs., No. 89-CV-7042, 1992 WL 395571, at *4 (S.D.N.Y. Dec. 10, 1992). "An averment will be deemed admitted when the matter is obviously one as to which the defendant has knowledge or information." Soto v. Lord, 693 F. Supp. 8, 23 n.28 (S.D.N.Y. 1988) (internal quotation marks and citation omitted) (brackets and ellipsis omitted). With respect to information not in the defendant's possession, there is "a duty to make reasonable inquiry before denying a complaint allegation, and failure to make reasonable inquiry will constitute an admission." Bank of Am., N.A. v. Malibu Canyon Investors, LLC, No. 10-CV-0396, 2012 WL 115577, at *3 (D. Nev. Jan. 13, 2012); see also 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1262 (3d ed. 2010) (stating that federal courts "will impose a reasonable burden of investigation upon the pleader"). With these standards in mind, the Court will address Choice Hotels' responses.

Paragraph 3 of the Complaint simply identifies the defendants in this action. (See Compl. ¶ 3 ("Defendants in this

action are CHOICE HOTELS INTERNATIONAL, INC.; RATAN GROUP HOTEL LIMITED LIABILITY COMPANY . . . ." (capitalization in original).) Choice Hotels answered this allegation as follows: "Denies upon information and belief each and every allegation contained in paragraph designated '3' of the complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court." (Am. Ans. ¶ 3.) So basically, Choice Hotels denies that it is a defendant in this action and denies having knowledge or information as to whether the other defendants are defendants in this action, and Plaintiff seeks to establish that Choice Hotels and the other defendants are in fact defendants in this action. This is absurd, and the parties should have resolved this issue without court intervention. But since the parties actually dispute this and there is a motion pending, the Court must resolve it. Paragraph 3 of the Amended Answer is stricken and the allegation contained in Paragraph 3 of the Complaint is deemed admitted, although such admission presents literally no value to Plaintiff's case.

Paragraph 10 of the Complaint alleges that "Defendants control, own, operate, manage, and/or maintain a property as a hotel at the premises located at 270 West Jericho Turnpike, Huntington Station, NY 11746 (the 'Hotel')." (Compl. ¶ 10.) Choice Hotels answered this allegation as follows: "Denies having

knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated '10' of the complaint and refers all questions of law to this Honorable Court." (Am. Ans. ¶ 10.)  Choice Hotel's answer is evasive and improper. In prior correspondence to the Court, Choice Hotels stated it became the franchisor of the hotel on May 29, 2013. (See Docket Entry 12.)  Thus, Choice Hotels must know whether it or some other party controls, owns, operates, manages, and/or maintains the hotel at issue in this case.  It therefore must admit or deny this allegation.   The Court acknowledges that Paragraph 10 of the Complaint may be susceptible to an unclear answer because it lumps all of the Defendants together in one factual allegation. Accordingly, Paragraph 10 of the Amended Answer is stricken, but the Court grants leave to replead.

Paragraphs 11-13, 22-24, 79-82, and 84-94 of the Complaint contain factual allegations regarding events at the hotel leading up to Plaintiff's alleged injuries and/or allegations of wrongdoing against all Defendants.  (See, e.g., Compl. ¶ 11 ("Plaintiff made reservations to stay at Defendants' Hotel on July 29 until August 3, 2012."); Compl. ¶ 22 ("On July 30, 2012, Plaintiff notified the Hotel's front desk staff of the bugs in the Hotel room."); Compl. ¶ 79 ("Defendants negligently failed to provide a suitable and safe accommodation for Plaintiff at Defendants' Hotel . . . .").)  With the exception of paragraph

22, to which Choice Hotels simply denied having knowledge or information, Choice Hotels answered these paragraphs as follows: "Denies upon information and belief each and every allegation . . . as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court." There is nothing improper or evasive about these responses. Choice Hotels' primary defense in this case is that it did not become the franchisor of the hotel until 2013. If this is accurate, Choice Hotels likely would not have specific information relating to an incident occurring prior to it obtaining an interest in the hotel.

Paragraph 28 states that "[Nassau University Medical Center] is located at 2201 Hempstead Turnpike, East Meadow, New York 11554." (Compl. ¶ 28.) Choice Hotels answered this paragraph as follows: "Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated '28' of the complaint and refers all questions of law to this Honorable Court." (Am. Ans. ¶ 28.) Although Choice Hotels might not have firsthand knowledge regarding the location of NUMC, it is a matter of public record and can be discovered with minimal investigation. Accordingly, paragraph 28 of the Amended Answer is stricken and the allegation contained in Paragraph 28 of the Complaint is deemed admitted, although it is

not clear why Plaintiff felt the need to file a motion to strike regarding such an inconsequential fact.

Finally, paragraphs 34-36, 44, 51, 54, 57, 59-61 of the Complaint generally identify and describe the medications and/or medical treatment Plaintiff allegedly received. (See, e.g., Compl. ¶ 60 ("The comprehensive metabolic panel, or chemical screen, (CMP) is a panel of 14 blood tests which serves as an initial broad medical screening tool."); Compl. ¶ 61 ("Thyroid-stimulating hormone (also known as thyrotropin, TSH, or hTSH for human TSH) is a hormone that stimulates the thyroid gland to produce thyroxine (T4), and then triiodothyronine (T3), which stimulates the metabolism of almost every tissue in the body.").) Choice Hotels denied having knowledge or information regarding these allegations. Some of these allegations might require support from expert medical testimony. Others are a matter of common knowledge. (See Compl. ¶ 34 ("Benadryl (diphenhydramine) is a brand name antihistamine (allergy medication).").) The Court will not parse through these responses. Rather, prior to filing a second amended answer, Choice Hotels' counsel must consider whether any of these answers fail to comply with Federal Rule of Civil Procedure 8(b). If they do not comply, Choice Hotels should amend them accordingly.

In sum, Plaintiff's motion to strike is GRANTED IN PART and DENIED IN PART. The motion to strike is DENIED insofar as it

seeks to strike Choice Hotels' affirmative defenses. It is GRANTED insofar as it seeks to strike Choice Hotels' responses to paragraphs 3, 10, and 28 of the Complaint. The Court deems Choice Hotels' responses to paragraphs 3 and 28 as admissions and grants Choice Hotels leave to file an amended response to paragraph 10.

### CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Lindsay's R&R (Docket Entry 42) over Plaintiff's objections. Plaintiff's motion for default judgment (Docket Entry 20) is DENIED and the Ratan Defendants' motion to vacate the Clerk's entry of default (Docket Entry 24) is GRANTED. Plaintiffs' motion to strike the Ratan Defendants' letter to Judge Lindsay requesting that the arguments contained in their motion to vacate should be considered as their opposition to Plaintiff's motion for default judgment (Docket Entry 35) is DENIED.

Plaintiff's motion to strike the original Answer (Docket Entry 7) is DENIED AS MOOT. Plaintiff's motion to strike Choice Hotels' Amended Answer (Docket Entry 17) is GRANTED IN PART and DENIED IN PART. The motion to strike is DENIED insofar as it seeks to strike Choice Hotels' affirmative defenses. It is GRANTED insofar as it seeks to strike Choice Hotels' responses to paragraphs 3, 10, and 28 of the Complaint. The Court deems Choice Hotels' responses to paragraphs 3 and 28 as admissions. Paragraph 10 of the Amended Answer is stricken with leave to replead.

24

Choice Hotels is ORDERED to file a second amended answer consistent with this Memorandum and Order within thirty (30) days. Before it does so, counsel must consider whether paragraphs 34-36, 44, 51, 54, 57, 59-61 of the Amended Answer fail to comply with Federal Rule of Civil Procedure 8(b). If they do not comply, Choice Hotels should amend them accordingly.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     January   7  , 2015
           Central Islip, New York