UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRECIA LORELLE SIBLEY,                          :        Civil Action
                                                :
        Plaintiff,                              :        No. 2:14-cv-00634-JS-AYS
                                                :
v.                                              :        **PLAINTIFF'S FIRST REQUEST**
                                                :        **FOR ADMISSIONS**
CHOICE HOTELS INTERNATIONAL, INC., *et al.*:
                                                :
        Defendants.                             :
-----------------------------------------------------------------X

PROPOUNDING PARTY:    Plaintiff TRECIA LORELLE SIBLEY

RESPONDING PARTY:     Defendants, and each of them, individually as follows:

    1.    CHOICE HOTELS INTERNATIONAL, INC.;

    2.    RATAN GROUP HOTEL LIMITED LIABILITY COMPANY d/b/a RODEWAY INN, RODEWAY INN LONG ISLAND, RODEWAY INN HUNTINGTON STATION, and/or HUNTINGTON COUNTRY INN;

    3.    MAHESH RATANJI a/k/a MAHESH M. RATANJI a/k/a MAHESHCHAND M. RATANJI, individually and as owner, officer, director, shareholder, founder, manager, agent, servant, employee, representative, and/or independent contractor of RATAN GROUP HOTEL LIMITED LIABILITY COMPANY d/b/a RODEWAY INN, RODEWAY, RODEWAY INN LONG ISLAND, RODEWAY INN HUNTINGTON STATION, HUNTINGTON COUNTRY INN, and/or XYZ CORPORATIONS 1 - 50; and

4. KHOZEM KHARAWALLA, individually and as owner, officer, director, shareholder, founder, manager, agent, servant, employee, representative, and/or independent contractor of RATAN GROUP HOTEL LIMITED LIABILITY COMPANY d/b/a RODEWAY INN, RODEWAY, RODEWAY INN LONG ISLAND, RODEWAY INN HUNTINGTON STATION, HUNTINGTON COUNTRY INN, and/or XYZ CORPORATIONS 1 - 50.

SET NUMBER: 1

Plaintiff hereby requests pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, that the each of the above-listed Defendants separately within 30 days from the receipt of this request, admit the truth of each of the following requests for purposes of this action only, and subject to all pertinent objections as to the admissibility thereof that may be interposed at trial:

REQUESTS FOR ADMISSIONS:

1. Admit that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

1. Admit that this Court does not have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

2. Admit that plaintiff is a resident of Bay Shore, Suffolk County, New York.

3. Admit that plaintiff is not a resident of Bay Shore, Suffolk County, New York.

4. Admit that Defendants in this action are CHOICE HOTELS INTERNATIONAL, INC.; RATAN GROUP HOTEL LIMITED LIABILITY COMPANY d/b/a RODEWAY INN, RODEWAY INN LONG ISLAND, RODEWAY INN HUNTINGTON STATION, and/or

HUNTINGTON COUNTRY INN; XYZ CORPORATIONS 1 - 50; MAHESH RATANJI a/k/a MAHESH M. RATANJI a/k/a MAHESHCHAND M. RATANJI, KHOZEM KHARAWALLA, and/or JANE AND JOHN DOES 1-10, individually and as owner, officer, director, shareholder, founder, manager, agent, servant, employee, representative, and/or independent contractor of RATAN GROUP HOTEL LIMITED LIABILITY COMPANY d/b/a RODEWAY INN, RODEWAY, RODEWAY INN LONG ISLAND, RODEWAY INN HUNTINGTON STATION, HUNTINGTON COUNTRY INN, and/or XYZ CORPORATIONS 1 - 50 ("Defendants").

5. Admit that Defendants in this action are not CHOICE HOTELS INTERNATIONAL, INC.; RATAN GROUP HOTEL LIMITED LIABILITY COMPANY d/b/a RODEWAY INN, RODEWAY INN LONG ISLAND, RODEWAY INN HUNTINGTON STATION, and/or HUNTINGTON COUNTRY INN; XYZ CORPORATIONS 1 - 50; MAHESH RATANJI a/k/a MAHESH M. RATANJI a/k/a MAHESHCHAND M. RATANJI, KHOZEM KHARAWALLA, and/or JANE AND JOHN DOES 1-10, individually and as owner, officer, director, shareholder, founder, manager, agent, servant, employee, representative, and/or independent contractor of RATAN GROUP HOTEL LIMITED LIABILITY COMPANY d/b/a RODEWAY INN, RODEWAY, RODEWAY INN LONG ISLAND, RODEWAY INN HUNTINGTON STATION, HUNTINGTON COUNTRY INN, and/or XYZ CORPORATIONS 1 - 50 ("Defendants").

3

6. Admit that Defendant CHOICE HOTELS INTERNATIONAL, INC. is a corporation duly organized and existing under the laws of the State of Delaware and principal place of business in Maryland.

7. Admit that Defendant CHOICE HOTELS INTERNATIONAL, INC. is not a corporation duly organized and existing under the laws of the State of Delaware and principal place of business in Maryland.

8. Admit that Defendant RATAN GROUP HOTEL LIMITED LIABILITY COMPANY, d/b/a RODEWAY INN, RODEWAY INN LONG ISLAND, RODEWAY INN HUNTINGTON STATION, and/or HUNTINGTON COUNTRY INN, is a limited liability company duly organized and existing under the laws of, with its principal place of business in, the State of New Jersey.

9. Admit that Defendant RATAN GROUP HOTEL LIMITED LIABILITY COMPANY, d/b/a RODEWAY INN, RODEWAY INN LONG ISLAND, RODEWAY INN HUNTINGTON STATION, and/or HUNTINGTON COUNTRY INN, is not a limited liability company duly organized and existing under the laws of, with its principal place of business in, the State of New Jersey.

10. Admit that Defendant MAHESH RATANJI a/k/a MAHESH M. RATANJI a/k/a MAHESHCHAND M. RATANJI is a natural person residing in the State of New Jersey.

11. Admit that Defendant MAHESH RATANJI a/k/a MAHESH M. RATANJI a/k/a MAHESHCHAND M. RATANJI is not a natural person residing in the State of New Jersey.

12. Admit that Defendant KHOZEM KHARAWALLA is a natural person residing in the State of New Jersey.

13. Admit that Defendant KHOZEM KHARAWALLA is not a natural person residing in the State of New Jersey.

14. Admit that you control, own, operate, manage, or maintain a property as a hotel at the premises located at 270 West Jericho Turnpike, Huntington Station, NY 11746 (the "Hotel").

15. Admit that you do not control, own, operate, manage, or maintain a property as a hotel at the premises located at 270 West Jericho Turnpike, Huntington Station, NY 11746 (the "Hotel").

16. Admit that Plaintiff made reservations to stay at your Hotel on July 29 until August 3, 2012.

17. Admit that Plaintiff did not make reservations to stay at your Hotel on July 29 until August 3, 2012.

18. Admit that on July 29, 2012, Plaintiff arrived at your Hotel and checked in as a paid guest.

19. Admit that on July 29, 2012, Plaintiff did not arrive at your Hotel and checked in as a paid guest.

20. Admit that on July 29, 2012, Defendants' employee assigned Plaintiff a room at your Hotel.

21. Admit that on July 29, 2012, Defendants' employee did not assign Plaintiff a room at your Hotel.

22. Admit that Plaintiff shared the Hotel room with Plaintiff's friend, Mickey Bowen, an adult male.

23. Admit that Plaintiff did not share the Hotel room with Plaintiff's friend, Mickey Bowen, an adult male.

24. Admit that on July 29, 2012, Plaintiff went to sleep on the bed in the Hotel room, along with her friend.

25. Admit that on July 29, 2012, Plaintiff did not go to sleep on the bed in the Hotel room, along with her friend.

26. Admit that on July 29-30, 2012, Plaintiff was bitten all over her body by bed bugs at your Hotel.

27. Admit that on July 29-30, 2012, Plaintiff was not bitten all over her body by bed bugs at your Hotel.

28. Admit that on July 30, 2012, Plaintiff awakened and left your Hotel and went to work.

29. Admit that on July 30, 2012, Plaintiff did not awaken and leave your Hotel and went to work.

30. Admit that on July 30, 2012, Plaintiff's friend called her and said that he saw bugs in the Hotel bed.

31. Admit that on July 30, 2012, Plaintiff's friend did not call her and said that he saw bugs in the Hotel bed.

32. Admit that on July 30, 2012, Plaintiff's friend told Plaintiff he killed a bug in bed and blood came out.

33. Admit that on July 30, 2012, Plaintiff's friend did not tell Plaintiff he killed a bug in bed and blood came out.

34. Admit that on July 30, 2012, Plaintiff left work to return to Hotel room after receiving her friend's call.

35. Admit that on July 30, 2012, Plaintiff did not leave work to return to Hotel room after receiving her friend's call.

36. Admit that on July 30, 2012, Plaintiff removed all of her belongings from the Hotel room.

37. Admit that on July 30, 2012, Plaintiff did not remove all of her belongings from the Hotel room.

38. Admit that on July 30, 2012, Plaintiff notified the Hotel's front desk staff of the bugs in the Hotel room.

39. Admit that on July 30, 2012, Plaintiff did not notify the Hotel's front desk staff of the bugs in the Hotel room.

40. Admit that your Hotel front desk staff attempted to assign Plaintiff another room at the Hotel.

41. Admit that your Hotel front desk staff did not attempt to assign Plaintiff another room at the Hotel.

42. Admit that Plaintiff refused to take another room at your Hotel and Plaintiff received a refund.

43. Admit that Plaintiff did not refuse to take another room at your Hotel and Plaintiff received a refund.

44. Admit that on July 30, 2012, Plaintiff left your Hotel due to the bed bugs in the Hotel room.

45. Admit that on July 30, 2012, Plaintiff did not leave your Hotel due to the bed bugs in the Hotel room.

46. Admit that on or about the evening of July 30, 2012, Plaintiff woke up to her chest burning and red.

47. Admit that on or about the evening of July 30, 2012, Plaintiff did not wake up to her chest burning and red.

48. Admit that Plaintiff spent money on medical treatment and/or medication due to her bed bug bites.

49. Admit that Plaintiff did not spend money on medical treatment and/or medication due to her bed bug bites.

50. Admit that Plaintiff discarded clothing and spent money on hotel accommodations due to the bed bugs.

51. Admit that Plaintiff did not discard clothing and spent money on hotel accommodations due to the bed bugs.

52. Admit that Plaintiff spent money on new clothing and other required items as a result of the bed bugs.

53. Admit that Plaintiff did not spend money on new clothing and other required items as a result of the bed bugs.

54. Admit that Plaintiff spent money to steam her car and bomb or treat it with bed bug killer.

55. Admit that Plaintiff did not spend money to steam her car and bomb or treat it with bed bug killer.

56. Admit that the physical manifestations of the bed bugs bites on Plaintiff's body directly impacted Plaintiff's ability to participate in her normal daily personal and business activities.

57. Admit that the physical manifestations of the bed bugs bites on Plaintiff's body did not directly impacted Plaintiff's ability to participate in her normal daily personal and business activities.

58. Admit that you negligently failed to provide a suitable and safe accommodation for Plaintiff at the subject Hotel, and specifically, the room assigned to Plaintiff at the subject Hotel.

59. Admit that you did not negligently failed to provide a suitable and safe accommodation for Plaintiff at the subject Hotel, and specifically, the room assigned to Plaintiff at the subject Hotel.

60. Admit that you negligently failed to take effective measures to detect and/or eliminate bed bugs from the subject Hotel.

61. Admit that you did not negligently failed to take effective measures to detect and/or eliminate bed bugs from the subject Hotel.

62. Admit that you negligently failed to maintain housekeeping practices that would reasonably prevent the undetected bed bug infestation at the subject Hotel.

63. Admit that you did not negligently fail to maintain housekeeping practices that would reasonably prevent the undetected bed bug infestation at the subject Hotel.

64. Admit that you failed to train their agents, employees, and/or representatives to maintain and/or inspect the rooms at the subject Hotel in a reasonable and hygienic and clean manner.

65. Admit that you failed to train their agents, employees, and/or representatives to maintain and/or inspect the rooms at the subject Hotel in a reasonable and hygienic and clean manner.

66. Admit that you, prior to the subject incident, took no steps to inspect for bed bugs infestation or apply any procedures for detection or prevention in the subject Hotel of potential bed bugs.

67. Admit that you did not, prior to the subject incident, took no steps to inspect for bed bugs infestation or apply any procedures for detection or prevention in the subject Hotel of potential bed bugs.

68. Admit that you were aware of prior bed bugs complaints at the subject Hotel.

69. Admit that you were not aware of prior bed bugs complaints at the subject Hotel.

70. Admit that you failed to warn other guests and potential victims about the bed bug infestation at the subject Hotel or the subject Hotel room assigned to the Plaintiff.

71. Admit that you did not fail to warn other guests and potential victims about the bed bug infestation at the subject Hotel or the subject Hotel room assigned to the Plaintiff.

72. Admit that you, your agents, representatives, and/or employees were negligent in the management, care or maintenance of Plaintiff's "Room" at the subject Hotel.

73. Admit that you, your agents, representatives, and/or employees were not negligent in the management, care or maintenance of Plaintiff's "Room" at the subject Hotel.

74. Admit that you, your agents, representative, and/or employees failed to employ reasonable standards of hygiene and cleanliness in the subject Hotel and/or the subject Room assigned to Plaintiff.

75. Admit that you, your agents, representative, and/or employees did not fail to employ reasonable standards of hygiene and cleanliness in the subject Hotel and/or the subject Room assigned to Plaintiff.

76. Admit that you at all times relevant hereto, were in exclusive possession and control of the subject Hotel and Hotel room assigned to and occupied by Plaintiff, and failed to exercise reasonable care to protect Plaintiff from harm and is/are solely responsible for Plaintiff's injuries.

77. Admit that you at all times relevant hereto, were not in exclusive possession and control of the subject Hotel and Hotel room assigned to and occupied by Plaintiff, and failed to exercise reasonable care to protect Plaintiff from harm and is/are solely responsible for Plaintiff's injuries.

78. Admit that Plaintiff was a patron/paid guest of the subject Hotel.

79. Admit that Plaintiff was not a patron/paid guest of the subject Hotel.

80. Admit that you, your agents, employees, and/or representatives had a duty to Plaintiff to provide a reasonably safe and suitable accommodation, and to take reasonable actions to insure such accommodation was suitable for the purposes for which it was intended.

81. Admit that you, your agents, employees, and/or representatives did not have a duty to Plaintiff to provide a reasonably safe and suitable accommodation, and to take reasonable actions to insure such accommodation was suitable for the purposes for which it was intended.

82. Admit that you negligently breached the duty in # 81 through the conduct described herein.

83. Admit that you did not negligently breach the duty in # 81 through the conduct described herein.

84. Admit that the subject Hotel's bed bugs infestation was proximately caused by you and/or your employees' negligent maintenance, inspection, and cleaning of the hotel room occupied by the Plaintiff.

85. Admit that the subject Hotel's bed bugs infestation was not proximately caused by you and/or your employees' negligent maintenance, inspection, and cleaning of the hotel room occupied by the Plaintiff.

86. Admit that Plaintiff's injuries and damages were directly and proximately caused by the negligence of you, your agents, employees, and/or representatives in the operation, control, and maintenance of the subject Hotel and the Room assigned by your employee(s) to Plaintiff in the subject Hotel.

87. Admit that Plaintiff's injuries and damages were not directly and proximately caused by the negligence of you, your agents, employees, and/or representatives in the operation, control, and maintenance of the subject Hotel and the Room assigned by your employee(s) to Plaintiff in the subject Hotel.

88. Admit that as a proximate result of the negligence of your, your agents, employees, and/or representatives, Plaintiff was sore, sick, and had to curtail her usual recreational activities; was compelled to seek medical care and attention, suffered physical pain, mental anguish, pain and suffering and emotional distress, permanent scarring; and loss of personal property.

89. Admit that as a proximate result of the negligence of your, your agents, employees, and/or representatives, Plaintiff was not sore, sick, and had to curtail her usual recreational activities; was compelled to seek medical care and attention, suffered physical pain, mental anguish, pain and suffering and emotional distress, permanent scarring; and loss of personal property.

90. Admit that by reason of all the above circumstances, your are liable to Plaintiff, for Plaintiff's economic losses and noneconomic losses, including, but not limited to, loss of earning, property, medical expenses, personal injuries, pain and suffering, emotional distress, and other damages directly and proximately caused by the negligence by you.

91. Admit that by reason of all the above circumstances, your are not liable to Plaintiff, for Plaintiff's economic losses and noneconomic losses, including, but not limited to, loss of earning, property, medical expenses, personal injuries, pain and suffering, emotional distress, and other damages directly and proximately caused by the negligence by you, in an amount in excess of $75,000.00, exclusive of interest and costs.

92. Admit that by reason of all the above circumstances, your are liable to Plaintiff, for Plaintiff's economic losses and noneconomic losses, including, but not limited to, loss of earning, property, medical expenses, personal injuries, pain and suffering, emotional distress, and other damages directly and proximately caused by the negligence by you, in an amount in excess of $75,000.00, exclusive of interest and costs.

## VERIFICATION

I declare under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge.

For Defendant _____

_____

Date: _____     Signature: _____

Print name: _____

Title: _____

|  |  |  |  |
|---|---|---|---|
|  |  |  | Respectfully submitted, |
| Dated: | New York, New York<br>July 24, 2015 | By: | s/ Brian L. Ponder<br>BRIAN L. PONDER, ESQ. (BP0696)<br>BRIAN PONDER LLP<br>200 Park Avenue, Suite 1700<br>New York, New York 10166<br>(646) 450-9461 telephone<br>(646) 607-9238 facsimile<br>brian@brianponder.com<br>*Attorney for the Plaintiff* |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon Defendants' counsel via USPS regular mail to Genova Burns, 494 Broad St., Newark, NJ 07102.

Dated: New York, New York          By:     s/ Brian L. Ponder
       July 24, 2015                       BRIAN L. PONDER, ESQ.(BP0696)