UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| TRECIA LORELLE SIBLEY, | : | Civil Action |
| | : | |
| Plaintiff, | : | No. 2:14-cv-00634-JS-AYS |
| | : | |
| v. | : | **PLAINTIFF'S FIRST REQUEST** |
| | : | **FOR PRODUCTION OF** |
| CHOICE HOTELS INTERNATIONAL, INC., *et al.*: | | **DOCUMENTS** |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------X

PROPOUNDING PARTY:   Plaintiff TRECIA LORELLE SIBLEY

RESPONDING PARTY:   Defendants, and each of them, individually as follows:

1.   CHOICE HOTELS INTERNATIONAL, INC.;

2.   RATAN GROUP HOTEL LIMITED LIABILITY COMPANY   d/b/a RODEWAY INN, RODEWAY INN LONG ISLAND, RODEWAY INN HUNTINGTON STATION, and/or HUNTINGTON COUNTRY INN;

3.   MAHESH RATANJI a/k/a MAHESH M. RATANJI a/k/a MAHESHCHAND M. RATANJI, individually and as owner, officer, director, shareholder, founder, manager, agent, servant, employee, representative, and/or independent contractor of RATAN GROUP HOTEL LIMITED LIABILITY COMPANY d/b/a RODEWAY INN, RODEWAY, RODEWAY INN LONG ISLAND, RODEWAY INN HUNTINGTON STATION, HUNTINGTON COUNTRY INN, and/or XYZ CORPORATIONS 1 - 50; and

4.      KHOZEM KHARAWALLA, individually and as owner, officer, director, shareholder, founder, manager, agent, servant, employee, representative, and/or independent contractor of RATAN GROUP HOTEL LIMITED LIABILITY COMPANY d/b/a RODEWAY INN, RODEWAY, RODEWAY INN LONG ISLAND, RODEWAY INN HUNTINGTON STATION, HUNTINGTON COUNTRY INN, and/or XYZ CORPORATIONS 1 - 50.

SET NUMBER:            1

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that each of the above-listed Defendants separately produce within 30 days of service the documents set forth in the numbered paragraphs that follow at the offices of the undersigned attorney located at 200 Park Avenue, Suite 1700, New York New York 10166.

As used herein, the term "document" shall include writings, notes, drafts, outlines, recordings and files, regardless of storage media; they include, but are not limited to, writings contained on paper, recordable tape, celluloid, disks, hard drives, electronic mail servers or any other digitally stored media, dated January 1, 2011 - July 24, 2015. The term "document" shall also include the full range of writings described in Rule 1001 of the Federal Rules of Evidence.

DOCUMENTS REQUESTED:

1. All documents in your possession or under your control, written or created after the date of July 29, 2015, that pertain either directly or indirectly to the incident (or event, or transaction) that is the subject of this litigation. Please arrange these documents by date.

2

2. All documents, inter-office memos, intra-office memos, reports, chronicles, letters, correspondence, computerized records or writings that mention, concern, discuss or pertain to a recall or the potential need to document the incident involving Plaintiff.

3. All of your financial statements, profit and loss statements, balance sheets, accounting information, both federal and state tax returns for the period commencing on January 1, 2010 and ending July 24, 2015.

4. A copy of all complaints from customers involving bed bugs at the subject hotel.

5. A copy of your birth certificate (if a natural person) or, in the alternative, a copy of your articles of incorporation or organization (if an artificial person).

6. A copy of any leases involving the subject hotel.

7. A copy of any contracts involving the subject hotel.

8. A copy of any cleaning logs for the room that Plaintiff occupied for July 28, 2012.

9. A copy of any cleaning logs for the room that Plaintiff occupied for July 29, 2012.

10. A copy of any cleaning logs for the room that Plaintiff occupied for July 30, 2015.

11. A copy of the list of employees employed by you on July 29, 2015.

12. A copy of all contracts with the person that you contend owns the subject hotel.

13. A copy of all agreements with the person that you contend owns the subject hotel.

14. A copy of all contracts with the person that you contend controls the subject hotel.

15. A copy of all agreements with the person that you contend controls the subject hotel.

16. A copy of all contracts with the person that you contend manages the subject hotel.

17. A copy of all agreements with the person that you contend manages the subject hotel.

18. A copy of all contracts with the person that you contend leases the subject hotel.

19. A copy of all agreements with the person that you contend leases the subject hotel.

20. A copy of all contracts with the person that you contend markets the subject hotel.

21. A copy of all agreements with the person that you contend markets the subject hotel.

22. A copy of any and all written communications with the person or person that you contend own, control, manage, leases, or markets the subject hotel.

23. A copy of any and all insurance contracts to which you are a party.

24. A copy of any and all insurance claims files by or against you.

25. A copy of any hospitality licenses, credentials, or certifications that you have.

**VERIFICATION**

    I declare under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge.

For Defendant _____

_____

Date: _____    Signature: _____

Print name: _____

Title: _____

5

Respectfully submitted,

Dated: New York, New York          By:     s/ Brian L. Ponder
       July 24, 2015                BRIAN L. PONDER, ESQ. (BP0696)
          BRIAN PONDER LLP
          200 Park Avenue, Suite 1700
          New York, New York 10166
          (646) 450-9461 telephone
          (646) 607-9238 facsimile
          brian@brianponder.com
          *Attorney for the Plaintiff*

6

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon

Defendants' counsel via USPS regular mail to Genova Burns, 494 Broad St., Newark, NJ 07102.

Dated: New York, New York  By: <u>s/ Brian L. Ponder</u>
   July 24, 2015      BRIAN L. PONDER, ESQ.(BP0696)