UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRECIA LORELLE SIBLEY,

                             Plaintiff,                         **ORDER**
                -against-                                CV 14-634 (JS)(AYS)

CHOICE HOTELS INTERNATIONAL, et al.,

                            Defendants.
-------------------------------------------------------------X
APPEARANCES:
BRIAN L. PONDER LLP
BY: BRIAN L. PONDER, ESQ.
Attorneys for Plaintiff
200 Park Avenue Suite 1700
New York, New York 07666

GENOVA BURNS GIANTOMASI WEBSTER LLC
BY: JENNIFER BOREK, ESQ.
Attorneys for Defendants
494 Broad Street
Newark, New Jersey 07102

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      This is a diversity case in which Plaintiff claims to have been injured by bed bugs during a one night stay at Defendants' hotel (the "Hotel"). The Hotel is identified as being located at 270 West Jericho Turnpike in Huntington Station, New York. Plaintiff alleges a single claim of negligence resulting in physical and emotional harm. See Docket Entry ("DE") 1.

      While this would seem to be a straightforward action, counsels' continual bickering and litigation over minor filing deadlines, and discovery disputes focused on form instead of substance has unnecessarily complicated the matter. When this case was transferred to this Court there were over 70 docket entries in the case. Presently, there are 83 docket entries, and the pending motions to compel and extend discovery are the tenth and eleventh motions interposed.

1

As discussed below, the discovery sought and the methods used by Plaintiff are completely disproportional and ill-suited to this matter. Counsel have proven that they are unable to confer and arrive at a mutually convenient way of completing paper discovery so that this case can move forward to depositions and dispositive motion practice and discovery. Accordingly, the motion to compel (DE 78) is denied in its entirety. As to the motion to extend discovery (DE 83), the court declines to grant Plaintiff's unilateral request for an extension. Instead, counsel are directed to comply with this Court's final order or discovery as stated in detail below.

## BACKGROUND

I.   Prior Proceedings

This case was commenced on January 29, 2014, and was transferred to this Court on March 26, 2015. On June 24, 2015, in an effort to reign in the continuing motion practice and encourage counsel to engage in focused discovery, this Court called both parties in for a conference. At the conference the Court first disposed of five pending motions. See DE 74 at 3-4. The court noted Defendants' argument that they did not own the Hotel at the time of Plaintiff's stay and therefore cannot be responsible for the injuries alleged. Defendants named the entity that owned the Hotel at the relevant time. DE 74 at 2. When asked whether he intended to name Roslyn Properties as a Defendant, Plaintiff's counsel stated that he could not name this potentially responsible party, because to do so would "destroy diversity." Id.

In light of the injuries alleged and Defendants' position as to liability, the Court described the type of documents Defendants should produce in order to prove any claim of non-liability. Counsel agreed to adjourn the proceedings in open court and to confer outside of the courtroom, for the first time, as to an appropriate discovery schedule.

Following the parties' off the record meeting, they presented the Court with a proposed discovery worksheet. That worksheet, which the Court accepted as the discovery scheduling order herein, provided for the parties to complete pre-settlement discovery by July 10, 2015. The Court ordered fact discovery to be completed by November 30, 2015. DE 74 at 3. Plaintiff was directed to provide medical authorizations, and Defendants were directed to produce documents establishing ownership of the Hotel at the time of Plaintiff's stay. DE 74 at 3. Additionally, Defendants were to produce documents in support of any claim that they are not liable for injuries sustained by guests who stayed at the Hotel prior to their ownership (if any), as well as any documents relevant to the issue of assumption of liability and/or indemnification by other entities. Id.

Following the June 25, 2015 conference Defendants filed an amended answer setting forth, for the first time in formal pleadings, the identity of owner the Hotel at the time of Plaintiff's alleged injury. Consistent with Defendants' statement at the June status conference, that entity was identified as Roslyn Properties, LLC, doing business as Huntington Country Inn ("Roslyn Properties"). DE 76 ¶¶ 5, 10. To date, Roslyn Properties has neither been named as a Defendant nor impleaded as a potentially responsible party in this matter.

The parties thereafter appeared for a status conference on September 16, 2015, where they continued to dispute over discovery. This Court directed counsel, once again, to work together and to confer as to any discovery disputes arising out what counsel were reminded was a simple negligence action arising out of a one-time event. The Court also ordered a briefing schedule to be followed in the event that the parties could not work out their discovery disputes. Given counsels' past conduct, it was not surprising that they could not reach agreement as to any discovery dispute. Thus, on October 21, 2015, Plaintiff filed the present motion to compel

3

discovery. See DE 78. In addition to arguing the insufficiency of Defendants' Rule 26 disclosures, Plaintiff's motion seeks to compel further responses to interrogatories, requests for production of documents and requests for admission. Plaintiff alleges that all information and documents sought are "reasonably calculated to lead to the discovery of admissible evidence" and that Defendants' responses thus far are incomplete. DE 78.

DISCUSSION

I.   Legal Standards

The scope of discovery is set forth in Rule 26 of the Federal Rules of Civil Procedure. That Rule has been amended, on several occasions, to reflect evolving judgments as to the proper scope of discovery. Over time, these amendments have been aimed at striking the proper balance between the need for evidence, and the avoidance of undue burden or expense.

In 1999, Rule 26(b)(1) stated that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Fed. R. Civ. P. 26(b)(1) (1999). In 2000, in an effort to curb over-discovery that took advantage of tying the term "subject matter" to the definition of the scope of discovery, Rule 26 was amended. See Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2000). That amendment required a party to show "good cause" before obtaining discovery that is "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

Most recently, as of December 1, 2015, Rule 26 has again been amended. The December 2015 amendment to Rule 26 now defines the scope of discovery to consist of information that is relevant to the parties' "claims and defenses." Thus, the discretionary authority to allow discovery of "any matter relevant to the subject matter involved in the action" has been

eliminated. Additionally, the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant "to any party's claim or defense," also "proportional to the needs of the case." Id.

While proportionality factors have now been incorporated into the Rule 26(b)(1) definition, those factors were already a part of Federal discovery standards, appearing in Rule 26(b)(2)(C)(iii). Those proportionality factors have now been restored to the place of their intended importance by their incorporation into the very definition of permissible discovery. See Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2015) (noting that amendment "restores the proportionality factors to their original place in defining the scope of discovery," and "reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections").

The specific proportionality factors to be assessed when considering the scope of discovery are:

- The importance of the issues at stake in the litigation;
- The amount in controversy;
- The parties relative access to relevant information;
- The parties' resources;
- The importance of discovery in resolving issues; and
- Whether the burden or expense of the discovery is outweighed by the benefit

Fed. R. Civ. P. 26(b).

Notably absent from the present Rule 26 is the all too familiar, but never correct, iteration of the permissible scope discovery as including all matter that is "reasonably calculated to lead to" the discovery of admissible evidence. This language was never intended to define the scope

of discovery, but was intended only to make clear that the discovery is not limited by the concept of admissibility. Unfortunately, the "reasonably calculated" language has often been employed to refer to the actual scope of discovery. Clearing up this misinterpretation, the new Rule disposes of this language, ending the incorrect, but widely quoted, misinterpretation of the scope of discovery. The present definition of the scope of discovery continues to refer to admissibility, but only by stating that "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b).

Overarching the interpretation of Rule 26, and indeed all of the Federal Rules of Civil Procedure, is the standard referred to in Rule 1 thereof. That Rule, as amended in December of 2015, requires that the Federal Rules of Civil Procedure "be construed, administered, and employed *by the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding. " Fed. R. Civ. P. 1 (emphasis added). See Comment to 2015 Amendment to Rule 1 (noting that "the parties share the responsibility" to employ the rules consistently with the standards of Rule 1, and that "[e]ffective advocacy is consistent with -- and indeed depends upon -- cooperative and proportional use of procedure") (emphasis added).

Judicial involvement has long been recognized as critical to the effective management of discovery. Thus, as early as 1983, the Advisory Committee explained that "[t]he rule contemplates greater judicial involvement in the discovery process and thus acknowledges the reality that it cannot always operate on a self-regulating basis." Committee Notes (2015) (referring to 1983 notes). Again in 2000, the Advisory Committee noted that it had been "informed repeatedly by lawyers that involvement of the court in managing discovery is an important method of controlling problems of inappropriately broad discovery") (Committee Notes 2000). The 2015 amendment revisits this theme, noting that the amendment "again reflects

the need for continuing and close judicial involvement in the cases that do not yield readily to the ideal of effective party management," including that cases where "the parties fall short of effective, cooperative management on their own." Advisory Comm. Notes 2015.

With these standards and obligations in mind, the Court turns to the merits of the present motion to compel.

II.   Disposition of the Motion

As noted, Plaintiff objects to Defendants' Rule 26 disclosures as well as their responses to documents requests and written discovery, including responses to interrogatories and requests to admit. The Court addresses each category of alleged insufficiency in turn.

   A.   Adequacy of Rule 26 Response: Insurance Agreement

Plaintiff's quarrel with Defendants' Rule 26 disclosure is focused on whether or not Defendants have properly disclosed the existence of insurance information. In response to the requirement that Defendants produce "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgement in the action or to indemnify or reimburse for payments made to satisfy the judgement," Defendants responded that "no such insurance agreement exists." Plaintiff finds this response objectionable and inconsistent with Defendants' later production (in response to Plaintiff's Document Request No. 23) referencing and producing an insurance policy bearing Bates Number Stamp D00130-D00136. See DE 80 at 13.

Contrary to Plaintiff's position, the Court finds no inconsistency in Defendants' responses.  If Plaintiff's counsel read the language of both Defendant's responses and his own document requests he would see that Defendants are taking the position that they are not in possession of insurance coverage within the scope of Rule 26, because they did not own the

Hotel at the time of the injury. Defendant's response to Document Request No. 23, on the other hand, is addressed to the broad request that Defendants produce "a copy of any and all insurance contracts to which you are a party." While the Document Request at issue could certainly have been objected to on the ground of overbreadth, Defendant made no such objection, but instead produced an insurance policy. In any event, Defendant responded properly to the Rule 26 insurance information requirement as well as Plaintiff's document request. Accordingly, the Court denies the motion to hold Defendant's Rule 26 disclosure insufficient.

B.  Interrogatories

Plaintiff's motion asserts that Defendants have failed to answer interrogatories served under Rule 33. See DE 80 at 14-15. In support of this contention, Plaintiff does little more than list approximately 250 interrogatories or sub-parts thereof that Plaintiff claims Defendants "failed to answer." With the exception of a single interrogatory referred to in Plaintiff's memorandum of law, as set forth below, Plaintiff does not explain how or why the answers were deficient or give any support for his assertion. Instead, she simply submits all of the interrogatories and responses for the Court to review, along with a long numbered list of the approximately 250 questions that Defendants have not answered.

The only particular interrogatory responses identified as insufficient are Defendants' responses to interrogatories numbers 13(a), (b) and (c). Those interrogatories ask whether Defendants, or anyone acting on their behalf, "have any information that Plaintiff made any admission or declaration against interest that in any way would tend to support your version of this case." With respect to any response, Defendants are asked to provide:

- the time and place of any such admission,
- the substance of such admission,

- "the names, nicknames, work mailing address, work physical address, date of birth, work telephone number(s), cellular telephone number(s), all email address(es) and relationship to Defendants of all persons in whose presence such admission or declaration was made."

After making objections based, in part, upon the impermissible number of interrogatories posed, Defendants responded, "none." The Court interprets Defendants' response as stating that they are not in possession of any statement made by the Plaintiff. To the extent that this is true, Defendants need make no further response. To the extent that Defendants are in possession of any statement of the Plaintiff (and it does not appear that they are), they may simply identify that statement by setting forth the substance of the statement, when it was made, and to whom it was made. To the extent that Defendants identify any statements made by Plaintiff, those statements may be explored during Plaintiff and Defendants' depositions. The remainder of information sought in Interrogatory Number 13 and its subparts is not within the scope of permissible discovery and Plaintiff's request for any further written response to Interrogatory No. 13 is denied.

As to Plaintiff's blanket objections to all listed interrogatories, the failure to set forth particular deficiencies in responses to particular questions is enough to require denial of the motion. First, Plaintiff's motion violates Local Civil Rule 37.1, which requires the motion or application to set forth the "grounds upon which the moving party is entitled to prevail as to each request or response." See Local Rule 37.1. Instead of listing the questions and responses at issue, as Local Civil Rule 37.1 of this Court requires, Plaintiff simply provides a list of numbers of questions that are alleged not to have been answered. Plaintiff compounds her disregard of the rules by sending the Court a box full of exhibits, expecting the Court to match up the questions

to the numbers listed in the motion, without so much as identifying what exhibits she is referencing throughout the motion.

The Court also denies the motion on the grounds that Plaintiff's request far exceeds the number of permissible interrogatories allowed to be propounded. Moreover, even if construed as not violative of the limitation on the number of interrogatories (by not counting sub-parts), the number of interrogatories posed is, in any event, certainly disproportional to the discovery that should suffice in this negligence action. Nonetheless, despite the broad nature of the interrogatories, Defendants' responses make clear, <u>inter</u> <u>alia</u>, that <u>none</u> of Defendants' employees were present at the Hotel at the time of the incident, Defendants have interviewed <u>no one</u> concerning the incident, they have obtained <u>no</u> written statements from anyone regarding the incident, they have no photographs, films or videos of the incident, they have no diagrams, reproductions or models of any place or thing concerning the incident. The responses further make clear that Choice Hotels International, Inc. "does not own, operate or manage," the Hotel, had no "involvement with the Hotel during the relevant time period," had not inspected the Hotel with respect to the subject matter of the complaint, and has made no investigation of Plaintiff's alleged injury.

The Court's review of Defendants' responses makes clear that while they have stated certain objections to Plaintiff's interrogatories, Defendants have provide more than enough information in response thereto. It is additionally worth noting that Plaintiff has violated Local Civil Rule 26.4, which requires cooperation among counsel in discovery. Specifically, that rule states that:

(a) Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous

in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures.

Here, Defendants repeatedly told Plaintiff they did not possess information and therefore could not answer questions the way they were addressed. Instead of making any attempt to clarify questions, Plaintiff filed motions. See DE 80, Ex. 15; see also DE 80 at 4-5. Indeed, this Court notes how little Plaintiff has worked with Defendants to ensure that discovery proceeded expeditiously. In her own motion, Plaintiff includes correspondence between her counsel and Defendants. DE 80 at 4-6. A review of such correspondence reveals that Defendants alerted Plaintiff that she had not identified what was deficient with each response. See DE 80 at 5; see also DE 80, Ex. 15 at 1 (Defendants alert Plaintiff that they have not identified the nature or substance of the alleged deficiency with respect to each discovery response). Defendants even went so far as to set forth examples of how they answered, requesting clarification as to the grounds for Plaintiff's claims of deficiency. Instead of working with Defendants to clarify issues, Plaintiff's counsel rigidly responded that, "[t]he issues are voluminous and I wish you would've expressed any issues sooner because now they will likely have to be addressed via motion practice given the scheduling order that I must follow." DE 80 at 5. Although Plaintiff recited some of the Federal Rules of Civil Procedure in the same motion, she did not even suggest consenting to an extension of time and working together to clarify the issues at hand and seek a joint extension of time pursuant to the Local Rules. See E.D.N.Y. Local Civ. R. 16.2 ("In any case referred to a magistrate judge by a district judge, the magistrate judge may make scheduling orders pursuant to Federal Rule of Civil Procedure 16(b), and may modify for good cause shown scheduling orders previously entered.").

For the foregoing reasons, the Court denies the request to supply any further responses.

C.      Document Requests

Plaintiff seeks to have the Court compel Defendants to produce documents in response to approximately 87 document requests. Plaintiff's motion states only that "Defendants improperly claim privilege to at least one of Plaintiff's requests." DE 80 at 15-16. The Plaintiff does not indicate the requests to which she refers, gives no support for her allegations, and does not assert any other grounds on why the Court should compel the production of such documents. Instead, Plaintiff simply re-prints all document requests and responses. Like the motion to compel interrogatory responses, the motion to compel responses to document requests is accompanied by nothing more than a list of the document requests that Defendants have allegedly failed to answer.

Like the motion to compel interrogatory responses, Plaintiff's motion to compel further responses to document requests is denied for failure to comply with Local Rules 37.1 and 26.4. Even putting aside such non-compliance, and upon consideration of the merits, the Court denies the motion. While Defendants have stated their objections to the requests, they have also responded in a manner that makes clear that they are not in possession of documents in response to most requests. Upon review, the Court finds Defendants' responses clear and sufficient. Thus, in addition to the grounds set forth above in denial of Plaintiff's motion to compel responses to interrogatories (Rules 37.1 and 26.4) the Court denies the motion to compel production of additional unnamed documents on the ground that Defendants have made clear that no such documents exist.

C.      Requests for Admission

Next, Plaintiff asserts that Defendants' responses to numerous Requests for Admission were evasive or incomplete. Again, Plaintiff provides a long list of allegedly incomplete or

12

evasive responses, but fails to state specifically how each of the above exceptions she listed applies to the responses she asserts were evasive or incomplete. The motion to compel further responses to Requests for Admission is denied first, on the ground of Plaintiff's violation of local Rules 37.1 and 26.4.

Additionally, the Court has reviewed both the requests and responses and finds that Plaintiff's requests are, to say the least, inconsistent with the requirements of Rule 1 as set forth above. Thus, in tedious fashion, Plaintiff's requests for admission continuously ask each question twice, once in the positive form, and once in the negative. More often than not, the requests contain compound questions and ask for admission of information that Defendants could not possibly know. For example, Plaintiff's Requests to Admit include the following requests:

- Admit that on July 29, 2012, Plaintiff went to sleep on the bed in the Hotel room, along with her friend.
- Admit that on July 29, 2012, Plaintiff did not go to sleep on the bed in the Hotel room, along with her friend.
- Admit that on July 29-30, 2012, Plaintiff was bitten all over her body by bed bugs at your Hotel.
- Admit that on July 29-30, 2012, Plaintiff was not bitten all over her body by bed bugs at your Hotel.
- Admit that on July 30, 2012, Plaintiff awakened and left your Hotel and went to work.
- Admit that on July 30, 2012, Plaintiff did not awaken and leave your Hotel and went to work.
- Admit that on July 30, 2012, Plaintiff's friend called her and said that he saw bugs in the Hotel bed.

- Admit that on July 30, 2012, Plaintiff's friend did not call her and said that he saw bugs in the Hotel bed.

Similar questions raised in the same format continue in the same manner throughout the entire 92 separately stated Requests for Admissions. <u>See</u> DE 80, Ex. 10.

To put this as simply as possible, Plaintiff's extensive requests to admit, especially when considered in conjunction with the extensive interrogatories and document requests, are completely ill-suited and disproportional to the needs of discovery in this matter. The request to provide additional responses to these unclear and burdensome requests is denied.

III.     <u>Order for Final Discovery</u>

As stated by this Court above and in prior proceedings, this is a simple action. Either Plaintiff was injured or not, and either Defendants were negligent or not. Such an action calls for the use of limited targeted discovery that is proportional to the needs of the case. Information within the permissible scope of discovery includes information as to injuries, including medical records and photographic evidence of injury (if any), as well as information going to Defendants' ownership or control of the Hotel and notice of any bedbug infestation.

While the issue of injury is important to Plaintiff, the issues in this matter are not so far-reaching, and the injuries possibly sustained are not so great, as to justify continued extensive and expensive written pretrial discovery. Importantly, the extreme burden or expense of the written discovery propounded is clearly outweighed by the benefit of obtaining information by the use of these written discovery techniques. Plaintiff's counsel's conduct demonstrates that instead of asking clear questions aimed at getting clear and simple responses, the written discovery in this matter is nothing more than gamesmanship looking for a "gotcha" response. At some point, such written discovery must come to an end. That point is now.

In light of the fact that counsel are unable to proceed to bring pretrial discovery to an end, this Court, in fulfillment of its Rule 1 obligations, enters the following order governing discovery. All paper and written discovery is deemed closed, and the parties shall move forward to depositions.[1] Plaintiff shall be deposed first. After Plaintiff's deposition, the depositions of Defendants shall go forward. All depositions, including any third party depositions, are to be completed by February 1, 2016. Counsel are reminded of their obligations to consider the scope of permissible discovery during the taking of depositions. Questions must be relevant to the claims and defenses herein, and the standard is not, as stated in Plaintiff's motion, "reasonably calculated to lead to the discovery of admissible evidence."

In addition to the deadlines established above, Plaintiff shall disclose any experts on or before February 15, 2016. Defendants are to disclose any experts on or before February 29, 2016.

Finally, the Court addresses Defendants' long-standing position that they cannot be responsible because they did not own the Hotel at the time of Plaintiff's stay. Defendants have identified the owner of the Hotel, yet Plaintiff, citing to a possible "destruction of diversity" shows no interest in naming this potentially responsible entity.[2] It is not clear why Defendants have not moved for summary judgment on the ground that Plaintiff names the wrong party. If Defendants continue to take the position that they are no liable for any injuries because they did not own or otherwise control the Hotel at the time of the injury, they are required to take the first

---

[1] In the event that any <u>particular</u> document is identified at a deposition, that document may be requested for production.

[2] The Court observes that dismissal of this action for lack of diversity jurisdiction would likely allow Plaintiff to take advantage of CPLR 205 and commence an action that would be deemed timely in the State Court of the State of New York. <u>See</u> CPLR 205(a).

step in dispositive summary judgment process before the District Court on or before February 15, 2016.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions set forth in Docket Entries Nos. 78 and 83 are denied in their entirety. All document and written discovery is deemed closed. Counsel shall complete discovery in the manner and the time frame set forth above. Absent good cause and the taking of the parties' depositions, there shall be no further extensions.

SO ORDERED

Dated: Central Islip, New York
December 22, 2015

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge