UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRECIA LORELLE SIBLEY,

                               Plaintiff,                          **ORDER**
                                                                              CV 14-634 (JS) (AYS)

                              -against-

CHOICE HOTELS INERNATIONAL, INC.

                               Defendant.
------------------------------------------------------------X
**ANNE Y. SHIELDS, Magistrate Judge:**

      This is a diversity case in which Plaintiff claims to have been injured by bed bugs during a one night stay at Defendants' hotel (the "Hotel"). The Hotel is identified as being located at 270 West Jericho Turnpike in Huntington Station, New York. Plaintiff alleges a single claim of negligence resulting in physical and emotional harm. See Docket Entry ("DE") 1. Presently before the Court is Plaintiffs' motion for sanctions under Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ. P. 37(d)(3). DE 116.

      While this would seem to be a straightforward action, counsel have had multiple disputes over minor filing deadlines, and discovery disputes focused on form instead of substance. Once again, the current dispute serves only to clutter the docket, and in no way attempts to advance the case toward a meaningful resolution.

                                  A.  <u>DEFENDANT'S ALLEGED CONDUCT</u>

      Plaintiff frames the instant motion as a motion for sanctions due to the failure of Defendant Choice Hotels International, Inc. ("Choice" or "Defendant") to attend its deposition on January 26, 2016, and its violation of the discovery order dated December 22, 2015. The Order that Plaintiff refers to was issued by this Court when addressing a prior discovery dispute. The Order states:

In light of the fact that counsel are unable to proceed to bring pretrial discovery to an end, this Court, in fulfillment of its Rule 1 obligations, enters the following order governing discovery. All paper and written discovery is deemed closed, and the parties shall move forward to depositions. Plaintiff shall be deposed first. After Plaintiff's deposition, the depositions of Defendants shall go forward. All depositions, including any third party depositions, are to be completed by February 1, 2016. See Docket Entry ("DE") 84.

B. CIRCUMSTANCES SURROUNDING DEFENDANT'S ALLEGED CONDUCT

Defendant Choice was properly noticed to appear at its oral deposition scheduled for January 19, 2016. Defendant requested an adjournment, which Plaintiff granted, and thereafter re-noticed the deposition for January 26, 2016. Defendant once again requested an adjournment. Plaintiff refused to consent. Defense Counsel advised Plaintiff's attorney three times prior to January 26, 2016 that the Choice representative would not be able to attend a deposition on January 26, 2016. Defense Counsel further advised Plaintiff's attorney that the Choice representative would be available two days later, on January 28, 2016, or on a date after February 1, 2016. Defense Counsel further advised Plaintiff that the Choice representative could also be available by video conference. Plaintiff refused to consent to any adjournment, and, despite knowing that the Choice representative would not be attending, held the deposition on January 26, 2016. DE 116; DE 117. Thus, Plaintiff, with full knowledge that Defendant would not appear, essentially "staged" a deposition attended by him, the court reporter, but no witness. On that same day, after Choice, unsurprisingly, did not appear at the deposition, Plaintiff filed a motion for a default judgment, motion to strike the answer, motion for attorney's fees and expenses. All motions were denied as improper. See DE 101; see also Electronic Order dated

February 2, 2016. On January 27, 2016, the day after Plaintiff filed her motions which were denied as improper, the Defendant submitted a request, on behalf of both parties, to initiate a phone conference pertaining to the deposition that was currently in dispute. See DE 106. In response to Defendant's request, the Court scheduled a phone conference for February 9, 2016, which Plaintiff moved to adjourn until February 11, 2016. See Electronic Order dated February 1, 2016; see also DE 107. On February 11, 2016, a conference call was held with this Court's chambers, where outstanding discovery issues were resolved. Despite knowing that Defendant had attempted to seek Court intervention prior to the expiration of the discovery deadline, knowing that the Court had scheduled a date to discuss such dispute, and, in fact, knowing that at the February 11, 2015 telephone conference, the parties were given additional time to complete the outstanding deposition, Plaintiff nevertheless filed a motion for sanctions due to Defendant's inability to meet the February 1, 2016 deadline. Indeed, on February 12, 2016, Plaintiff filed the instant motion, seeking to impose sanctions for Defendant's violation of the discovery order and Defendant's failure to appear at the "staged" deposition.

## C. DISPOSITION OF THE MOTION

I. The Parties' Positions

Plaintiff asserts that Choice willfully failed to attend its deposition on January 26, 2016, and must be sanctioned. DE 116. Choice objects on the basis that Plaintiff is responsible for any costs associated with the deposition because Plaintiff knew Choice was unable to attend. Choice reasons it informed Plaintiff three times prior to January 26, 2016 that it would not be able to attend the deposition, and it attempted to reschedule the deposition and/or have a deposition via video conference. DE 117

II. Legal Principles

Rule 37 of the Federal Rules of Civil Procedure sets forth a variety of sanctions that may be imposed upon parties who fail to obey court-ordered discovery. Such sanctions range from orders compelling discovery, to striking of pleadings, to outright dismissal. Ehret v. New York City Dept. of Social Services, sib, 92 (E.D.N.Y 1984). The harshest sanctions are appropriate only in the event of repeated defiance of express court orders, or a blatant failure to prosecute. Ehret, 102 F.R.D at 92; Litton Systems, Inc. v. American Tel. and Tel. Co., 700 F.2d 785, 828 (2d Cir. 1983)(noting that the harshest sanctions, such as dismissal should be used sparingly and only when necessary in "extreme circumstances"). Thus, dismissal is only appropriate "after consideration of alternative, less drastic sanctions." La Barbera v. ASTC Laboratories, Inc., 2007 WL 1423233, at *2 (E.D.N.Y 2007) (citations omitted).

Federal Rule of Civil Procedure 37(b)(2)(A) gives the Court authority to issue sanctions for a party's failure to obey a discovery order. In addition, Rule 37(b)(2)(C) provides that instead of or in addition to imposing sanctions for a party's failure to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); see also Ingenieria Esterella, S.A. v. Morisseau, 2015 WL 5794334, at *3 (E.D.N.Y. 2015).

Federal Rule of Civil Procedure 37(d) allows the Court to issue sanctions for a party's failure to attend its own deposition. Similar to Rule 37(b)(2)(C), Rule 37(d)(3) states, "[i]nstead of or in addition to [] sanctions, the court must require the party filing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of

expenses unjust." Fed. R. Civ. P. 37(d)(3).

III.   The Motion is Denied

Local Civil Rule 37.3(a) states that "Prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)." See Local Civil Rule 37.3(a). Additionally, this Court's rules state that "Counsel must first undertake a good faith effort to resolve any discovery disputes . . . without court intervention. Where attorneys cannot agree upon resolution of a discovery dispute, they shall initiate a conference call with this court by calling chambers." See Judge Shields' Individual Practice Rules, Section VI(C).

Plaintiff's attorney certifies that he has conferred in good faith with Choice to resolve this issue without Court action. See DE 116. However, the facts do not support that assertion. To the contrary, it was Defendant's attorney who attempted to work with Plaintiff's counsel, unfortunately, to no avail. Thus, Defendant's attorney explained to Plaintiff that Choice was unable to appear at the deposition, and offered multiple solutions to accommodate Plaintiff. Instead of working with opposing counsel to reschedule the deposition, Plaintiff's attorney chose to conduct it while knowing it would be fruitless. Moreover, although Plaintiff knew an issue existed as to the parties' failure to agree on a deposition date, he did not initiate a phone conference with the Court, as the Court's rules require for all discovery disputes. Instead, he took it upon himself to stage a deposition when he knew the Defendant would not appear. Indeed, a letter seeking the Court's guidance was not filed until after Plaintiff filed motions seeking sanctions, and, notably, the letter was filed by Defendant, not Plaintiff, on behalf of both parties. Moreover, even though a telephone conference took place on February 11, 2016, where the

Court allowed for additional time to complete the remaining deposition, Plaintiff filed the instant motion for sanctions. Plaintiff's motions seeking sanctions under 37(b)(2)(A) and 37(d)(3), therefore, can be considered nothing less than frivolous and vexatious, and arguably made in bad faith.

    a. <u>No Sanctions Under Fed. R. Civ. P. 37(b)(2)(A)(v) are Warranted</u>

Plaintiff's attorney comes to this Court seeking sanctions for Defendant's failure to comply with this Court's Order, which states that all depositions must occur before February 1, 2016. Defendant's attorney offered several alternatives, including: 1) agreeing to produce the Defendant on January 28, 2016, 2.) offering to conduct a video deposition, or 3) producing the Defendant on a date after February 1, 2016. Plaintiff's attorney refused all suggestions, preferring instead to ignore Counsel and initiate motion practice in earnest. Strikingly, Plaintiff's attorney could not be bothered to place a conference call prior to January 26, 2016 to ensure that discovery moved smoothly, but was eager to seek sanctions - in the form of a default judgment (which was denied as improper) against Defense counsel for failing to appear at the January 26, 2016 deposition. DE 102. Indeed the motion was filed on the very same day of the staged deposition. The Court points out that on that date, this Court's order directing depositions to be completed by February 1, 2016 had not yet been violated. Plaintiff's attorney could have initiated a conference call prior to January 26, 2016 instead of moving for sanctions, had he been truly interested in working through discovery disputes and resolving the case. Indeed, had Plaintiff's attorney worked with the Defendant's attorney, or sought this Court's guidance, instead of staging a deposition, the Court's order may not have been violated.

After Plaintiff filed a motion seeking sanctions on January 26, 2016, it was Defendant who filed a motion, on behalf of both parties, seeking the Court's guidance in resolving the

discovery dispute. DE 106. As the Court granted the motion and scheduled a conference call for February 9, 2016 to discuss the dispute, which was adjourned to February 11, 2016 at the request of Plaintiff, it was inappropriate, and arguably absurd, for Plaintiff's attorney to move for sanctions due to Defendant's inability to complete discovery by February 1, 2016. This is especially true since the February 11, 2016 telephone conference resulted in an agreement between both Parties to work together to complete the outstanding deposition, and the Court had granted the Parties additional time to do so. Based on his conduct, it is clear that Plaintiff's attorney would rather spend his time, and his client's resources, on writing motions for sanctions against his adversary instead of working with her to resolve the case. This is behavior which the Federal Rules of Civil Procedure does not condone. See Comment to 2015 Amendment to Rule 1 (noting that "the parties share the responsibility" to employ the rules consistently with the standards of Rule 1, and that "[e]ffective advocacy is consistent with -- and indeed depends upon -- cooperative and proportional use of procedure").

Furthermore, this Court finds that Plaintiff is not entitled to any reasonable expenses under Federal Rule of Civil Procedure 37(b)(2)(C). Plaintiff's attorney has contributed to, and arguably caused, any violation of the discovery order. Indeed, any expenses that resulted due to the violation of this Court's discovery order are solely attributable Plaintiff's inability to follow the Federal Rules, the Local Rules, and this Court's Rules. As such, it would be unjust to have Defendant pay any expenses.

b. No Sanctions Under Fed. R. Civ. P. 37(d)(3) are Warranted

The Court finds that Choice's failure to attend the deposition was indeed substantially justified. Choice is headquartered in Maryland, which has limited its representative's ability for a full day of travel to New York area for his deposition. DE 117. Choice was noticed on January

19, 2016 for an out of state deposition to occur on January 26, 2016. It is entirely reasonable for Choice to seek a short adjournment of the deposition. Defendant's attorney not only advised Plaintiff of the fact that Choice would be unable to appear, but also provided alternative options and alternative dates to conduct the deposition. Moreover, even if Choice's failure to attend was not substantially justified, the circumstances surrounding Choice's failure to attend the deposition would make an award of expenses unjust. Indeed, Plaintiff's failure to work with Defendant's attorney or seek court assistance prior to the date of the deposition makes his demand for Defendant to be sanctioned or pay attorney fees and expenses entirely unreasonable. The unreasonableness is amplified by the fact that Plaintiff's attorney went forward with a deposition he knew would be fruitless. To hold otherwise would be inconsistent with the Federal Rules of Civil Procedure, as it would encourage even more animosity and gamesmanship between counsel instead of a willingness to work together to resolve the case.

## Conclusion

For the reasons set forth above, Plaintiff's motion set forth in Docket Entry No. 116 is denied in its entirety.

Dated: March 7, 2016
Central Islip, New York                             **SO ORDERED:**

                                                    /s/ Anne Y. Shields
                                                    Anne Y. Shields
                                                    United States Magistrate Judge